MEMORANDUM OF DECISION
On January 10, 2001, Trevis James, petitioner, admitted to a Violation of Probation, a violation of § 53a-32, in which the unexecuted portion of the sentence, and petitioner's exposure, was seven years incarceration. On said date petitioner entered a plea of guilty to Criminal Possession of a Firearm, a violation of § 53a-217, which statute provides for a 5-year maximum period of incarceration, of which 2 years is a mandatory minimum.
At the time of the pleas the sentencing court advised the petitioner that the matter was continued for sentencing to January 12, 2001, at which time the court was going to impose a sentence of 2 years incarceration. The court further advised that in the event the petitioner did not appear for sentencing on January 12, 2001, the court was free to impose the maximum sentence on each consecutive — for a twelve-year sentence.
The matter was continued to January 12, 2001, for sentencing. The petitioner did not appear on January 12, 2001. An arrest warrant was issued for Failure to Appear in the First Degree relevant to petitioner's alleged failure to appear for sentencing.
On February 1, 2001, the petitioner was arrested by police after a high speed chase of a vehicle from which the petitioner emerged. The petitioner was then served with the warrant for Failure to Appear.
On February 6, 2001, the petitioner and his counsel explained to the Court the reasons for the petitioner not appearing for sentencing on January 12, 2001. Petitioner indicated that it was his responsibility to tend to his ill mother, who was hospitalized at the time. CT Page 2877
The petitioner entered a plea of guilty to the charge of Failure to Appear in the First Degree, wherein a concurrent sentence was recommended by both parties.
The Court proceeded to sentence the petitioner to 7 years incarceration on the Violation of Probation and 4 years incarceration on the Criminal Possession of a Firearm, each to run consecutively to the other, and a 1-year sentence on Failure to Appear to be served concurrently, for a net effective sentence of 11 years incarceration.
At the hearing before the Division counsel for the petitioner recited the chronology of events and indicated that the reason the petitioner failed to appear for sentencing on January 12, 2001, was due to his mother's health problems. Counsel related that the petitioner was found in the same county and it was not a situation where the petitioner intended to flee the jurisdiction. Counsel opined that the increase in the sentence imposed was excessive.
The petitioner addressed the Division and related that he would have turned himself in to authorities if not for his family problems.
Counsel for the State noted that the Failure to Appear charge was to be served concurrently.
In his remarks the sentencing court commented on the petitioner's extended criminal history and noted, "How he's gotten this far in time without spending a substantial amount of time in jail, and why someone gave him seven years (on the violation of probation), suspended, I'll never know. But at some point the road has to end, and at some point one had to accept responsibility for one's actions." (Transcript, February 6, 2001, page 15).
It is noteworthy that the petitioner was in violation of probation wherein he owed up to 7 years incarceration. It is neither inappropriate nor disproportionate that the sentence for the firearm (which carries a 2-year mandatory minimum) was to be served consecutively to the violation of probation.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 2878
The Division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book § 43-23
et seq., and Connecticut General Statute § 51-194 et seq.
The violation of probation matter is not before this Division. A sentence of 4 years consecutive to the violation of probation for the Criminal Possession of a Firearm is neither inappropriate nor disproportionate.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
THE SENTENCE IS AFFIRMED.
 MIANO, J. HOLDEN, J. IANOTTI, J.
Miano, J., Holden, J. and Ianotti, J. participated in this decision. CT Page 2879